**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 116999

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| Lazer Schwartz, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Sherloq Revenue Solutions, Inc. and Merchants Association Collection Division Inc.<br><br>Defendant. | Docket No: 2:19-cv-06301-WJM-MF<br><br>**FIRST AMEDNED COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Lazer Schwartz, individually and on behalf of all those similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Sherloq Revenue Solutions, Inc. and Merchants Association Collection Division, Inc. (hereinafter referred to as "*Defendants*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5.  Plaintiff Lazer Schwartz is an individual who is a citizen of the State of New Jersey residing in Hudson County, New Jersey.

6.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.  On information and belief, Defendant Sherloq Revenue Solutions, Inc., is a Florida Corporation with a principal place of business in Hillsborough County, Florida.

8.  On information and belief, Defendant Merchants Association Collection Division, Inc. is a Florida Corporation with a principal place of business in Hillsborough County, Florida.

9.  Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Upon information and belief, the Sherloq Financial in the letterhead of Exhibit 1 refers to a doing-business-as tradename of defendant Sherloq Revenue Solutions, Inc.

11. Upon information and belief, the Sherloq Financial in the letterhead of Exhibit 1 refers to a doing-business as tradename of defendant Merchants Association Collection Division Inc.

12. Defendant are each "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

13. Defendants alleges Plaintiff owes a debt ("the Debt").

14. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

15. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

16. Thereafter, at an exact time known only to Defendants, the Debt was assigned or otherwise transferred to Defendant for collection.

17. In its efforts to collect the debt, Defendants contacted Plaintiff by letter ("the Letter") dated December 4, 2018. (**Exhibit 1.**)

18. The Letter was the initial communication Plaintiff received from Defendants.

19. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

20. The Letter provides a toll-free telephone number to call.

21. The Letter encourages Plaintiff to "Get in Touch" with Defendants by calling the number.

22. 15 U.S.C. §1692g(a)(3) requires to debt collector to: "Within five days after the initial communication with a consumer in connection with the collection of any debt . . . send the consumer a written notice containing — a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

23. In this Circuit, a dispute of a debt, to be effective, must be in writing. *See Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142 (3d Cir. 2013).

24. The Letter states, in part: "UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT, OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID."

25. The failure to provide a proper 15 U.S.C. §1692g(a)(3) notice is a violation of the FDCPA.

26. A debt collector has the obligation not just to convey the 15 U.S.C. §1692g(a)(3) notice, but also to convey such clearly.

27. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

28. The Letter fails to properly inform the least sophisticated consumer that to effectively dispute the alleged debt, such dispute must be in writing.

29. The least sophisticated consumer upon reading the Letter would likely be confused as to what she must do to effectively dispute the alleged debt.

30. The least sophisticated consumer upon reading the Letter would likely be unsure as to what she must do to effectively dispute the alleged debt.

31. The Letter did not convey the 15 U.S.C. §1692g(a)(3) notice clearly from the perspective of the least sophisticated consumer.

32. The Letter did not adequately set forth the 15 U.S.C. §1692g(a)(3) notice.

33. The Letter, because of the aforementioned failures, violates 15 U.S.C. §1692g(a)(3). *See Cadillo v. Stoneleigh Recovery Assocs., LLC*, No. CV 17-7472-SDW-SCM, 2017 WL 6550486 (D.N.J. Dec. 21, 2017), *motion to certify appeal denied,* No. CV177472SDWSCM, 2018 WL 702890 (D.N.J. Feb. 2, 2018).

34.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

35.     While Section 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

36.     A collection letter violates 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

37.     A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

38.     15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

39.     The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

40.     The least sophisticated consumer upon reading the Letter would likely be misled into believing that if she wished to effectively dispute the Debt she may notify Defendant by calling the telephone number listed, or write to Defendant at the address listed.

41.     The least sophisticated consumer would likely be confused concerning whether, to dispute the debt, she may notify Defendants by calling the telephone number listed, or write to Defendants at the address listed.

42.     The text of the Letter invited Plaintiff, who must be viewed under the least sophisticated consumer standard, to call Defendants' office in direct conflict with the validation notice requirements.

43.     The Letter prominently displays Defendants' telephone number and hours of operation visibly directing the Plaintiff to call Defendants for execution of their valiation rather than to contact Defendants in writing as required.

44.     The Letter prominently displays an icon with a telephone operator wearing a headset alongside Defendants' telephone number and hours of operation further visibly directing the Plaintiff to call Defendants for execution of their valiation rather than to contact Defendants in writing as required.

45.     The Letter's display of the icon, telephone number and hours of operation above and before the validation notice further directing the Plaintitf to call Defendants rather than to

4

execute his rights in writing.

46. The least sophisticated consumer would likely be uncertain concerning whether, to dispute the debt, she may notify Defendants by calling the telephone number listed, or write to Defendants at the address listed.

47. The least sophisticated consumer would likely be uncertain as to her rights.

48. The least sophisticated consumer would likely be confused as to her rights.

49. Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

50. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

51. The least sophisticated consumer would likely be deceived by the Letter.

52. The least sophisticated consumer would likely be deceived in a material way by the Letter.

53. Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

54. The Letter, because of the aforementioned failures, violates 15 U.S.C. § 1692e. *See Cadillo v. Stoneleigh Recovery Assocs., LLC*, No. CV 17-7472-SDW-SCM, 2017 WL 6550486 (D.N.J. Dec. 21, 2017), *motion to certify appeal denied,* No. CV177472SDWSCM, 2018 WL 702890 (D.N.J. Feb. 2, 2018).

## CLASS ALLEGATIONS

55. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New Jersey from whom Defendants attempted to collect a consumer debt using a collection letter substantially similar to the Letter herein, from one year before the date of this Complaint to the present.

56. This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

57. Defendants regularly engage in debt collection.

58. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using a collection letter substantially similar to the Letter herein.

5

59. Plaintiff's claims are typical of the claims of the Class.

60. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.

61. Common relief is therefore sought on behalf of all members of the Class.

62. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

63. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

64. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

65. Plaintiff will fairly and adequately protect and represent the interests of the Class.

66. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.

67. Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

68. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

    c. Find that Defendants' actions violate the FDCPA; and

    d. Grant damages against Defendants pursuant to 15 U.S.C. § 1692k; and

6

  e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

  f. Grant Plaintiff's costs; together with

  g. Such other relief that the Court determines is just and proper.

DATED: April 18, 2019

        **BARSHAY SANDERS, PLLC**

        By: _/s/ Craig B. Sanders_
        Craig B. Sanders, Esq.
        100 Garden City Plaza, Suite 500
        Garden City, New York 11530
        Tel: (516) 203-7600
        csanders@barshaysanders.com
        *Attorneys for Plaintiff*
        Our File No.: 116999