UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LAZER SCHWARTZ**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**SHERLOQ REVENUE SOLUTIONS, INC.** and **MERCHANTS ASSOCIATION COLLECTION DIVISION INC.**,<br><br>Defendants. | Civ. No. 2:19-06301<br><br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

      Plaintiff Lazer Schwartz, individually and on behalf of all those similarly situated,[1] brings this action against Defendants Sherloq Revenue Solutions, Inc. and Merchants Association Collection Division Inc. for violations of the Fair Debt Collection Practices Act ("FDCPA"). Now before the Court is Defendants' motion to dismiss Plaintiff's Amended Complaint or stay the action. ECF No. [11] ("Motion"). For the reasons set forth below, the Motion is **GRANTED**.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

      Defendants Sherloq Revenue Solutions, Inc. and Merchants Association Collection Division Inc. are Florida consumer debt collection corporations. Compl. ¶ 7–9. Plaintiff Lazer Schwartz ("Plaintiff") is an individual consumer who accrued a personal credit card debt ("the Debt"). Compl. ¶ 5, 14–15. After defaulting on his payments, the Debt was assigned or transferred to Defendants for collection. Compl. ¶ 16. On December 4, 2018, Defendants contacted Plaintiff by letter ("the Letter") in an effort to collect the Debt. Compl. ¶ 17. The Letter was the first communication Plaintiff received from the Defendants and stated:

---

[1] Plaintiff seeks class certification of "all persons similarly situated in the State of New Jersey from whom Defendants attempted to collect a consumer debt using a collection letter substantially similar to the Letter herein, from one year before the date of this Complaint to the present." Compl. ¶ 55.

1

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail a copy of such judgment or verification to you. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Compl. ¶ 22. The Letter also provided a toll-free telephone number accompanied by the words "Get in Touch." Compl. ¶ 18–21.

Based on these facts, Plaintiff filed the operative Amended Complaint on April 18, 2019. ECF No. [7]. Plaintiff alleges that Sherloq Revenue Solutions, Inc. ("SRS") and Merchants Association Collection Division Inc. ("Merchants") violated two sections of the FDCPA: 15 U.S.C. § 1692g(a)(3) by failing to provide proper notice of Plaintiff's right to dispute the Debt, and 15 U.S.C. § 1692e by using misleading representations in their attempts to collect the Debt. Compl. ¶ 25, 53. According to Plaintiff, the Letter misleads the "least sophisticated consumer" into believing that a consumer may dispute the Debt orally over the phone as opposed to in writing. Compl. ¶ 22, 26–28.

## II.     THE INSTANT MOTION

On May 2, 2019 Defendants filed the Motion seeking dismissal of this action. ECF Nos. [11] & [12]. Defendants make four arguments in support of dismissal. First, Defendants argue the Court should dismiss this action with prejudice because Plaintiff named "Sherloq Financial" and not Sherloq Revenue Solutions, Inc. ECF No. [12] at 10. Next, Defendants address the merits of the Letter, arguing it fully complies with the FDCPA's "least sophisticated consumer" standard, is not confusing or misleading, and clearly conveys to readers that any debt must be disputed in writing. *Id.* at 11-16. Third, Defendants argue that even though they have complied with the Third Circuit's requirement that a debt collector must inform a consumer that any debt disputes must be submitted in writing, *Graziano v. Harrison*, 950 F.2d 107 (3d Cir. 1991), *Graziano* has been effectively overruled by two recent United States Supreme Court decisions and need not be followed. *Id.* at 17. Finally, Defendants argue that the Court should stay disposition of the Motion pending the Third Circuit's decision in *Riccio v. Sentry Credit, Inc.*, Case No. 18-1463.

In opposition to the Motion, Plaintiff argues that whether he has named the correct party is an issue of fact that cannot be resolved at the pleadings stage on a 12(b)(6) motion. ECF No. [13] at 11. Plaintiff also argues that he has properly stated a claim for violations under the FDCPA because the Letter violates the "least sophisticated consumer" standard, is confusing, and does not clearly convey how the debt must be disputed. *Id.* at 13.

2

**III. DISCUSSION[2]**

**A. THE FDCPA AND THE WRITING REQUIREMENT**

Congress enacted the FDCPA to ensure the elimination of abusive debt collection practices. *Evankavitch v. Green Tree Serv'g, LLC*, 793 F.3d 355, 360 (3d Cir. 2015). To succeed on an FDCPA claim, a plaintiff must demonstrate that "(1) [the plaintiff is] a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Reynolds v. Encore Receivable Mgmt., Inc.*, No. CV172207JMVMF, 2018 WL 2278105, at *2 (D.N.J. May 18, 2018) (quoting *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014)).

Section 1692g(a) of the FDCPA requires that a debt collector give a "validation notice" to a consumer including: (1) the amount of the debt, (2) the name of the creditor the debt is owed, (3) a statement that unless the consumer, within thirty days of receipt of the notice, disputes the validity of the debt, it will be presumed to be valid, (4) a statement that if the consumer disputes the debt in writing within thirty days, the debt collector will verify and mail a copy to the consumer of the debt owed, and (5) a statement that upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if it's different from the current creditor. 15 U.S.C. § 1692g(a); *see also Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 286 (2d Cir. 2013); *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1102 (9th Cir. 2012). Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

When evaluating whether a communication between a lender and debtor violates the FDCPA, courts must employ the "least sophisticated consumer" standard. *Brown v. Card Service Center*, 464 F.3d 450, 453–54 (3d Cir. 2006). "The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). The standard balances the interests of protecting naïve consumers with insuring fairness to debt collection agencies by presuming the least sophisticated consumer is reasonable and has a basic level of understanding and willingness to read. *Wilson*, 225 F.3d at 354–55.

---

[2] As noted above, Defendants make two arguments in addition to their substantive FDCPA arguments. First, Defendants argue that Plaintiff has failed to state a claim against SRS because Sherloq Financial, and not SRS, sent the Letter. Second, Defendants ask the Court to stay this action pending the Third Circuit's decision in *Riccio v. Sentry Credit, Inc.*, Case No. 18-1463. However, the Court need not address either issue because, as set forth below, the Court finds as a matter of law Plaintiff has not stated a claim under the FDCPA.

To determine whether a letter clearly conveys to consumers that contesting a debt must be done in writing, courts have considered if either the "substance" or "form" of the letter contradict or overshadow the validation notice language. *Cf. Caprio v. Healthcare Revenue Recovery Grp.*, LLC, 709 F.3d 142, 151 (3d Cir. 2013) *with Reynolds*, 2018 WL 2278105, at *4; *Wilson*, 225 F.3d at 356; *and Reizner v. Nat'l Recoveries, Inc.*, No. CV 17-2572, 2018 WL 2045992, at *9 (D.N.J. May 2, 2018) . Numerous courts in this district have determined that identical or nearly identical debt collection language to the language challenged here to be non-violative of the statute. *See e.g.*, *Magana v. Amcol Sys.*, No. CV1711541RBKAMD, 2018 WL 2723828, at *4 (D.N.J. June 6, 2018); *Reynolds*, 2018 WL 2278105, at *4; *Reizner*, 2018 WL 2045992, at *9.

The Third Circuit has imposed an additional requirement under the statute, holding that effectively disputing a debt under Section 1692g(a) must be done in writing. *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991) (concluding that although the express language of subsection (a)(3) does not contain a writing requirement, because subsections (a)(4) and (a)(5) call for written communications, subsection (a)(3) should also contain such a requirement). While other circuits have decided not to impose this "in writing" requirement (*see Riggs*, 681 F.3d at 1102 (no writing requirement); *Hooks*, 717 F.3d at 286 (same)), courts in the Third Circuit continue to follow *Graziano*'s directive. *See Joseph v. Rickart Collection Sys., Inc.*, No. CV 19-5413, 2019 WL 2281581, at *3 (D.N.J. May 29, 2019) (holding the *Graziano* Court interpreted the statute to require disputes be submitted in writing). *But see Smallwood v. Alltran Fin. LP*, No. CV 19-1394-WHW-CLW, 2019 WL 2336948, at *3 (D.N.J. June 3, 2019) (treating *Graziano*'s writing requirement as *dicta* and holding a validation notice may, but need not, contain a writing requirement).

### B. Application

Plaintiff alleges Defendants violated two sections of the FDCPA: Section 1692g(a)(3), and Section 1692e. When conduct that potentially violates both section 1692g and 1692e is at issue, an analysis of section 1692g "is usually dispositive" concerning whether section 1692(e) was also violated. *Caprio*, 709 F.3d at 155.

Here, the Court agrees with its sister courts and finds the Letter complies with Section 1692g(a) by meeting the "least sophisticated consumer" standard. Neither the substance nor the form of the Letter overshadows the validation notice. As to substance, the Letter's validation notice contains three sentences, two of which contain the phrase "in writing." While the first sentence of the validation notice does not contain the phrase "in writing" and the Letter includes a phone number that consumers may call to discuss repayment, the substance of the Letter would not mislead the least sophisticated consumer into believing a debt could be disputed orally.

Similarly, the form of the Letter does not overshadow the validation notice. The Letter's validation notice is displayed in the center of the page in all capital letters, drawing the reader's eye to that section. The phone numbers and invitation to "Get in Touch" are in the margin of the Letter and are visually separated from the validation notice. The least sophisticated consumer would understand after fully reading the Letter that any dispute

must be submitted in writing. Plaintiff has failed to state a claim for violation of Section 1692g.

Plaintiff also alleges that the validation notice violates Section 1692e. However, because Plaintiff has failed to state a claim for violation of Section 1692g on this same language, the Court finds that Plaintiff has also failed to state a claim under Section 1692e. *Caprio*, 709 F.3d at 155.

Finally, the Court briefly addresses Defendants' argument that this Court should "restore the plain text of Section 1692g(a)(3)," and decline to follow the Third Circuit's "in writing" requirement enunciated in *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991). In support, Defendants cite two Supreme Court cases emphasizing the importance of statutory interpretation within the FDCPA. *See Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718 (2017) *and Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029 (2019). However, the Court finds this argument unpersuasive. These cases generally address principles of statutory interpretation under the FDCPA but do not analyze whether Section 1692g(a)(3) requires written dispute of a debt.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is **GRANTED**. An appropriate order follows.


**Dated: August 7, 2019**


                                                    */s/ William J. Martini*
                                         **WILLIAM J. MARTINI, U.S.D.J.**